UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELINO CASTRO,

              *Plaintiff*,

- v. -

CAPTAIN JANET SMITH and CORRECTIONS OFFICER OCTAVIAN DUGGINS,

              *Defendants*.

Case No. 16-CV-8147 (JGLC)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANTS' INJURIES OR INJURIES PURPORTEDLY SUFFERED BY DEFENSE WITNESSES**

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000 (phone)
(212) 403-2000 (fax)

Dated: October 13, 2023

*Attorneys for Plaintiff Marcelino Castro*

**PRELIMINARY STATEMENT**

Pursuant to 42 U.S.C. § 1983, Plaintiff Marcelino Castro brings this action to seek damages for a violation of his Eighth Amendment right to be free from cruel and unusual punishment while incarcerated. Plaintiff anticipates that Defendants and non-party correctional officer witnesses called by Defendants will testify as to injuries that they allegedly suffered during the September 10, 2015 incident at Rikers Island that gave rise to this litigation.

Plaintiff submits this memorandum of law in support of his motion *in limine* requesting that this Court exclude evidence of injuries suffered by Defendants or other non-party correctional officers present during the September 10, 2015 incident. Evidence of these injuries should be excluded as they are not relevant to the claim at issue in this action. Moreover, this evidence is likely to generate undue sympathy for Defendants, and, as such, the prejudice of admitting this evidence greatly outweighs any marginal relevance it may have.[1]

**ARGUMENT**

Testimony regarding injuries suffered by Defendants is of little or no relevance in this action. No Defendants have brought counterclaims against Plaintiff for injuries arising from the September 10, 2015 incident. And no correctional officer identified as a third-party witness has joined in this action to seek relief from Plaintiff. With respect to Plaintiff's excessive force claim, evidence of Defendants' medical diagnoses, subsequent visits to hospitals or other healthcare providers, sick leave, or workers' compensation learned of or taken *after* the September 10, 2015 incident will have little bearing on whether Defendants' use of force *during* the incident was malicious and sadistic.[2]

---

[1] The Parties, having met and conferred, have not reached agreement as to this motion *in limine*.

[2] The extent of *Plaintiff*'s injuries, however, is properly considered when assessing his excessive force claim. *See Romano* v. *Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) ("To determine whether the defendants acted maliciously, a

To the extent that evidence of Defendants' injuries or those suffered by non-party correctional officer witnesses is relevant, this evidence should still be excluded as it is of, at best, marginal relevance and is likely to confuse the issues and mislead the jury.  *See* Fed. R. Evid. 403.  This action is *not* about the extent of Defendants' injuries, but rather the harm which Defendants caused to Plaintiff.  Evidence about the correctional officers' injuries, which are not the subject of claims in this litigation and which, in large part, were never proven to have been caused by Plaintiff, would serve no purpose other than to generate sympathy for Defendants.  Such evidence is properly excludable.  *See United States* v. *Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming district court's exclusion of evidence that "could well cause the jury to be influenced by sympathies having no bearing on the merits of the case").

## **CONCLUSION**

For the above reasons, Plaintiff respectfully requests that this Court grant his Motion *in Limine* to Exclude Evidence of Defendants' Injuries or Injuries Purportedly Suffered by Defense Witnesses.

Dated:  New York, New York
        October 13, 2023

WACHTELL, LIPTON, ROSEN & KATZ

By:  /s/ Ethan P. Amaker
       Jonathan M. Moses (JM 9049)
       Ethan P. Amaker (admitted *pro hac vice*)

51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Fax:  (212) 403-2000

*Attorneys for Plaintiff Marcelino Castro*

---

jury should consider the following factors:  the extent of the plaintiff's injuries; the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.").

2