UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELINO CASTRO,

       Plaintiff,

-against-

CAPTAIN JANET SMITH and
CORRECTIONS OFFICER OCTAVIAN
DUGGINS,

       Defendants.

16-CV-8147 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff has submitted five motions *in limine* and Defendants have submitted ten motions *in limine*. For the reasons stated herein, Plaintiff's motions are GRANTED in part and DENIED in part and Defendants' motions are GRANTED in part and DENIED in part. The Court will rule on the remaining motions *in limine* for which the Court has not issued a decision herein at or immediately following the final pretrial conference. Defendants have also moved to reconsider the Court's opinion at ECF No. 132. This motion is DENIED.

  **I. Motion *in Limine* Standard**

  A district court's inherent authority to manage the course of trials encompasses ruling on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted). Rulings on motions *in limine* are subject to change as the trial unfolds. *Luce*, 469 U.S. at 41–42.

## II.   Plaintiff's Motions *in Limine*

### A.   Defendant's Injuries or Injuries Purportedly Suffered by Defense Witnesses, No. 1

Plaintiff's motion to exclude evidence of injuries suffered by Defendants or other non-party correctional officers present during the September 10, 2015 incident is DENIED. Although Plaintiff argues that evidence regarding injuries suffered by Defendants is of little or no relevance, the evidence is relevant to understanding the context in which Defendants used force. Specifically, Defendants' conduct before using force and the injuries Defendants suffered are relevant for a determination of whether force was needed to restore order or whether it was done maliciously or sadistically. *See Harris v. Miller*, 818 F.3d 49, 63–64 (2d Cir. 2016). What Defendant Smith was thinking at the time she was injured has bearing on whether Defendants reasonably perceived Plaintiff to be a threat, the need to apply force and the correlation between the need to use force and the amount of force used. As such, Defendants will be permitted to present this evidence.

### B.   Plaintiff's 2017 Assault Conviction, No. 2

Plaintiff's motion to exclude evidence of his 2017 assault conviction is GRANTED. Plaintiff first argues that his 2017 assault conviction is not admissible for impeachment. Federal Rule of Evidence 609 governs the use of prior convictions for purposes of impeachment. For purposes of attacking a witness's character for truthfulness, prior convictions are admissible if: (1) the crime "was punishable by death or by imprisonment for more than one year" or (2) "the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a). As a Class A misdemeanor, the sentence for assault in the third degree "shall not exceed three hundred-sixty four days," which is less than one year. *See* N.Y. Penal Law §§ 70.15(1), 120.00. Additionally, no

dishonest act or false statement is necessary to establish assault in the third degree. *Id*. § 120.00. Accordingly, the 2017 assault conviction may not be used to impeach Plaintiff.

Plaintiff next argues that Plaintiff's conviction should be excluded because it is of negligible probative value and is far outweighed by prejudice to Plaintiff. ECF No. 153. Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

Plaintiff claims that the 2017 assault conviction is of no probative value because it sheds no light on the "need for the application of force" and the "threat reasonably perceived by the defendants." ECF No. 153 at 2–3. Plaintiff's admission of guilt is as follows:

> The Court: Assault in the third degree, class A misdemeanor, count three: It's alleged that you committed this crime on or about September 10, 2015, in the county of Bronx, with intent to cause physical injury to Captain Janet Smith, you did cause such injury to that person. Do you acknowledge that you're guilty of this offense?
>
> [Plaintiff]: Yes.

ECF No. 154-1 at 7:20–8:1. Defendants argue that Plaintiff's guilty plea goes to Plaintiff's credibility and "is necessary to refute plaintiff's testimony during his deposition that he was not guilty of assault and in fact lied in open court when he pled guilty, and testified under oath at the allocution that he was guilty of the charges." ECF No. 162 ("Defs. Opp.") at 12. The Court previously found that Plaintiff is collaterally estopped from denying that he intended to cause and actually caused physical injury to Defendant Smith. ECF No. 96 ("Op.") at 12–13. Thus, the 2017 assault conviction provides little probative value. And as Defendants note, "the fact of [Plaintiff's] guilty plea does little more than to repeat facts already determined in this case." Defs. Opp. at 12.

Plaintiff further argues that the 2017 assault conviction will only confuse the issues and prejudice Plaintiff. ECF No. 153 at 4. The Court agrees. Because the jury can find for Plaintiff

3

even though he was convicted of assaulting Defendant Smith, Op. at 15, the fact of Plaintiff's misdemeanor conviction is unduly prejudicial. *See Dunham v. Lobello*, No. 11-CV-1223 (ALC), 2023 WL 3004623, at *5 (S.D.N.Y. Apr. 19, 2023); *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) (upholding the exclusion of a guilty plea when the "jury might have been tempted to find against [plaintiff] solely on the basis that he admitted guilt . . . rather than focusing on the central (and substantially separate) issue of whether the appellants' use of force was appropriate under the circumstances").

### C. Plaintiff's Medical Records, No. 3

The Court will rule on Plaintiff's motion to preclude introduction of Plaintiff's medical records at or immediately following the final pretrial conference.

### D. Prior Bad Acts, No. 4

The Court will rule on Plaintiff's motion to exclude evidence of prior bad acts at or immediately following the final pretrial conference.

### E. Unrelated Civil Litigation and Prison Grievances, No. 5

Plaintiff's motion to exclude evidence of unrelated civil litigation or prison grievances is DENIED without prejudice. Defendants have indicated that they have "no intention of seeking to cross-examine plaintiff regarding his history of lawsuits unless he were to somehow open the door" and "[i]n the unlikely event defense counsel feels plaintiff has opened the door, we will seek permission from the Court outside of the presence of the jury to inquire on this subject." *See* Defs. Opp. at 3. The Court will revisit this issue if it becomes necessary.

### III. Defendants' Motions *in Limine*

#### A. Specific Dollar Amount, No. 1

Defendants' motion to preclude Plaintiff from requesting a specific dollar amount from the jury is DENIED. Although the Second Circuit disfavors specifying target amounts for the jury to award, *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996), "the determination of whether to allow a plaintiff to request a specific amount of damages from the jury is within the Court's discretion." *M.C. v. Cnty. of Westchester, N.Y.*, No. 16-CV-3013 (NSR), 2022 WL 1124920, at *6 (S.D.N.Y. Apr. 13, 2022) (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997)). Plaintiff will be permitted to suggest a specific dollar amount for pain and suffering. Plaintiff is required to provide the specific dollar amount to Defendants in advance of closing arguments and may only suggest the figure to the jury in Plaintiff's closing argument. Defendants may propose to the Court a limiting instruction for the jury. *See Dunham*, 2023 WL 3004623, at *7.

#### B. Prior Lawsuits in Which Defendants or Non-Parties Were or Currently Are Parties, No. 2

Defendants' motion to preclude Plaintiff from eliciting evidence of prior lawsuits involving Defendants or non-parties is DENIED as moot. Plaintiff has stated that he does not intend to introduce such evidence or inquire into such matters at trial. *See* ECF No. 164 ("Pl. Opp.").

### C. Department of Correction Policies, No. 3

Defendants' motion to preclude Plaintiff from referring to or offering any evidence of Department of Correction ("DOC") policies or directives is DENIED.[1] As to the use of force policy, Defendants argue that alleged violations of DOC procedure are irrelevant. Defs. Mem. at 5. They claim that the standards in DOC procedures are "merely guidelines established by the New York City Department of Correction and have no bearing on the constitutionality of defendants' actions" and that "any reference to alleged 'violations' of DOC policies or directives would unnecessarily confuse the jury." *Id*. at 5–6.

The use of force policy is relevant to Plaintiff's claim. Although a violation of DOC policies alone does not constitute a constitutional violation – a distinction that could be made clear to the jury in an instruction – the policies may be relevant to the factors the jury must consider in evaluating Plaintiff's claim. These factors include whether Defendants used force against Plaintiff for the purpose of maintaining or restoring order and the need for the force used. *See Romano v. Hawarth*, 998 F.*2d* 101, 105 (2d Cir. 1993).

Although under a different standard, courts have reached similar conclusions regarding police department use of force policies in cases involving excessive force under the Fourth Amendment. *See, e.g., Brown v. City of New York*, 798 F.3d 94, 101 n.11 (2d Cir. 2015); *Dunham*, 2023 WL 3004623, at *9 (finding that the Patrol Guide, canine training certificates, training logs and veterinary records "may offer guidance on whether Defendant Lobello's decision to release this particular dog during his encounter with the Plaintiff was reasonable");

---

[1] Defendants also appear to move *in limine* to exclude DOC's use of force investigation file, although they provided no basis to preclude the file in this motion. *See* ECF No. 144-1 ("Defs. Mem.") at 5–6. After the deadline to file motions *in limine*, Defendants filed a letter seeking to preclude evidence regarding DOC's use of force investigation. ECF No. 171. Although it is unclear whether Defendants' motion and subsequent letter seek to address the same issue, the Court will rule on this application at or immediately following the final pretrial conference.

*McLeod v. Llano*, No. 17-CV-6062 (ARR), 2021 WL 1669732, at *5 (E.D.N.Y. Apr. 28, 2021) (holding that the Patrol Guide was generally relevant "in determining how a reasonable NYPD officer would conduct himself under a given set of circumstances"); *Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *5 (S.D.N.Y. Sept. 26, 2018) (collecting cases).

Similarly, this Court finds that the use of force policy is relevant to the jury's evaluation of Defendants' conduct. Defendants may propose to the Court a limiting instruction for the jury regarding the use of force policy.

### D. Dismissed Theories of Liability, No. 4

Defendants' motion to preclude evidence of dismissed theories of liability is DENIED. There is no dispute that Plaintiff is barred from litigating claims previously dismissed. Pl. Opp. at 4. However, evidence demonstrating circumstances surrounding the alleged use of force are relevant to Plaintiff's remaining claim. Just as Defendants will be permitted to show evidence about the need to use force – and the injuries the officers allegedly sustained during that encounter – Plaintiff will be permitted to likewise explain the circumstances surrounding the events at issue.

### E. Garden Variety Emotional Damages, No. 5

Defendants' motion to preclude Plaintiff from seeking more than garden variety emotional damages is DENIED as moot. *See* Pl. Opp. at 5.

### F. Economic Damages, No. 6

Defendants' motion to preclude Plaintiff from seeking economic damages is DENIED as moot. *See* Pl. Opp. at 5–6.

### G. Referring to Defense Counsel as "City Attorneys" and Evidence of Indemnification, No. 7

Defendants' motion to preclude Plaintiff from referring to Defendants' counsel as "City Attorneys" is GRANTED. Defendants' counsel shall be referred to as attorneys from the Office of the Corporation Counsel. The jury will be informed that the Corporation Counsel represents members of the DOC, which is an agency of the City of New York. *See Dunham*, 2023 WL 3004623, at *7.

Defendants' motion to preclude mention of the "City of New York" is DENIED. For reasons explained below and in the Court's opinion dated August 22, 2023, ECF No. 132, some reference to the City of New York will need to be made in order for the jury to understand the relationship between DOC's destruction of video footage and the Defendants.

Regarding Defendants' motion on evidence of indemnification, as the parties stated in their joint letter:

> Plaintiff has agreed not to introduce evidence at trial regarding the indemnification of Defendants, provided that Defendants refrain from introducing evidence of their financial condition. Should Defendants introduce evidence of their financial condition at trial, the Parties agree that Plaintiff is permitted, subject to the Court's approval, to introduce evidence of indemnification.

ECF No. 145. The Court approves.

### H. The Officers by their Actions Created the Need to Use Force or by their Appearance or Actions Exacerbated or Escalated the Situation, No. 8

Defendants' motion to exclude arguments or evidence that the officers by their actions created the need to use force or by their appearance or actions exacerbated or escalated events is DENIED for the same reasons as Plaintiff's motion to exclude evidence of Defendants' injuries or injuries purportedly suffered by defense witnesses. *See supra* Section II(A). This evidence is relevant to whether the force was used in a good faith effort to maintain or restore discipline and

8

relevant to any efforts Defendants made to limit the amount of force used. These are both factors for the jury to consider in evaluating Plaintiff's claim. *See Harris*, 818 F.3d at 63.

### I. Plaintiff's Alleged Participation in Fights and Assaultive Conduct, No. 9

The Court will rule on Defendants' motion to allow Defendants to introduce evidence and question Plaintiff regarding his participation in fights and assaultive conduct at or immediately following the final pretrial conference.

### J. Punitive Damages, No. 10

Defendants' motion for the Court to refrain from charging the jury on punitive damages is DENIED. Defendants argue that the Court should not give the jury an instruction "for which there is no factual predicate in the trial record." Defs. Mem. at 17. However, Defendants previously moved for summary judgment in this case and did not seek to dismiss Plaintiff's claim for punitive damages. At this stage, then, the issue of whether Plaintiff is entitled to punitive damages must await resolution at trial. *See Williams v. Regus Mgmt. Grp., LLC*, No. 10-CV-8987 (JMF,) 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012); *Dollman v. Mast Indus., Inc.*, No. 08-CV-10184 (WHP), 2011 WL 3911035, at *2 (S.D.N.Y. Sept. 6, 2011).

Moreover, a finding of constitutionally excessive force in violation of the Eighth Amendment is substantially indistinguishable from the threshold finding of evil motive or callous indifference needed to warrant punitive damages. *Compare DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)) ("A jury may 'assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"), *with Harris*, 818 F.3d at 63 (test for defendant acting with a subjectively sufficiently culpable state of mind "is whether the force was used in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). In ruling on Defendants' summary judgment motion, the Court found that there were genuine issues of material fact as to whether Defendants were acting maliciously and sadistically to cause harm. Op. at 24. As such, there is no basis at this time to refrain from giving an instruction on punitive damages.

### IV. Motion for Reconsideration Standard

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

#### A. Defendants Do Not Meet the Standard for Reconsideration

Defendants first argue that the Court made an improper finding of fact in determining that video evidence existed. *See* ECF No. 141 ("Mot.") at 3–4. This argument is composed of two points: (1) that the evidence the Court relied on "falls short of establishing by a preponderance of the evidence" that Officer Storey used the video camera, *id.* at 3, and (2) that making the determination that video existed is within the purview of the jury, *id.* at 4.

Defendants' first point is the same as the one they raised in their opposition to the motion for sanctions – that video footage did not exist. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at

10

the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). The Court already carefully considered the evidence pointing to the existence (or nonexistence) of video footage and determined that Plaintiff met his burden by a preponderance of the evidence. The Court declines to reconsider its decision based on an argument that was already made and decided upon.

As to Defendants' second point, it was necessary and appropriate for the Court to decide whether video existed. "[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed. *Farella v. City of New York*, No. 05-CV-5711 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007). The Court is hard pressed to see how courts could make spoliation sanction determinations without analyzing if evidence existed. Indeed, other courts in this Circuit have gone through a similar analysis. *See, e.g.*, *La Belle v. Barclays Cap. Inc.*, 340 F.R.D. 74, 82 (S.D.N.Y. 2022) (finding that Plaintiff demonstrated that evidence existed based on his testimony, even when Defendant disputed that the evidence ever existed).

Additionally, the determination of whether evidence existed is not a factual determination reserved for a jury to resolve. The Court found that by a preponderance of the evidence, video footage around the time of the incident existed. This is wholly different from making a factual determination about Plaintiff's Eighth Amendment claim – whether Defendants punched Plaintiff in a malicious or sadistic manner – and has no bearing on any element of that claim. As such, "[t]hese findings cannot be said to have resolved any issues 'identical' or even 'common' to those presented on [Plaintiff's] legal claims." *Clark v. Hanley*, No. 22-302, 2023 WL 8792031, at *16 (2d Cir. Dec. 20, 2023). The Court did not incorrectly foreclose aspects related to Plaintiff's legal claim and Defendants' defense.

Defendants also argue that the Court's decision creates confusion and unfair prejudice, as Defendants Smith and Duggins are the only two named defendants going to trial – the City of New York and DOC are not defendants. The Court has already considered whether DOC's spoliation can be imputed to Defendants and determined that it can. Defendants fail to point to a controlling decision or data that the Court overlooked that supports their argument. They also fail to identify any other exceptional circumstance warranting reconsideration. *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010) (finding that "[m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship" warranting reconsideration). Defendants appear to simply disagree with the Court's application of the law to the facts, which, as noted above, is inappropriate in a motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions *in limine* are GRANTED in part and DENIED in part and Defendants' motions *in limine* are GRANTED in part and DENIED in part. The Court will rule on the remaining motions *in limine* for which the Court has not issued a decision herein in advance of the trial. Defendants' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate ECF Nos. 140, 141, 150, 152, 155, 157, 159, 167 and 168.

Dated: December 29, 2023
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge