UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELINO CASTRO,<br><br>                              Plaintiff,<br><br>                  -against-<br><br>CAPTAIN JANET SMITH and<br>CORRECTIONS OFFICER OCTAVIAN<br>DUGGINS,<br><br>                              Defendants. | 16-CV-8147 (JGLC)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff has submitted five motions *in limine* and Defendants have submitted ten motions *in limine*, as well as one supplemental letter. On December 29, 2023, the Court issued an opinion on twelve of the motions *in limine*. ECF No. 172. For the reasons stated herein, Plaintiff's remaining motions are GRANTED in part and DENIED in part and Defendants' remaining motion is GRANTED in part and DENIED in part. The Court also provides direction regarding Defendants' supplemental letter.

## I. Motion *in Limine* Standard

A district court's inherent authority to manage the course of trials encompasses ruling on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted). Rulings on motions *in limine* are subject to change as the trial unfolds. *Luce*, 469 U.S. at 41–42.

## II. Remaining Motions *in Limine*

### A. Plaintiff's Medical Records, Plaintiff's Motion *in Limine* No. 3

Plaintiff's motion to preclude introduction of Plaintiff's medical records (DX-A, DX-C and DX-G) is GRANTED in part and DENIED in part. Plaintiff first argues that the medical records are "replete with hearsay" and that "Defendants have not designated a single trial witness who is able to lay the foundation necessary to establish an exception to the hearsay rule." ECF No. 156 at 2 n.2. Medical records are generally admissible pursuant to the business records hearsay exception, provided that the record was made contemporaneously, was kept in the regular course of business and making the record was a regular practice. Fed. R. Evid. 803(6); *see also Ortiz v. City of New York*, No. 15-CV-2206 (DLC), 2017 WL 5613735, at *9 (S.D.N.Y. Nov. 21, 2017). These conditions may be shown by a certification that complies with Federal Rule of Evidence 902(11), which each of DX-A, DX-C and DX-G contains.

To the extent the medical records contain statements made by Plaintiff to medical personnel for the purpose of medical diagnosis or treatment, those are generally admissible under Rule 803(4), or admissible as admissions by a party-opponent under Rule 801(d)(2). To the extent the medical records contain statements by medical personnel, those are generally admissible as present sense impressions. *See* Fed. R. Evid. 803(1). Thus, the Court will not wholesale exclude Plaintiff's medical records.

Plaintiff next argues that records relating to Plaintiff's mental health and sexual history are unrelated to his excessive force claim. ECF No. 156 at 2–4. At the final pretrial conference, Defendants indicated that they have no intention of introducing the medical records relating to Plaintiff's mental health and sexual history. The Court finds that these types of records are not

relevant, and even were they to be relevant, more prejudicial than probative. Accordingly, Defendants may not introduce records regarding Plaintiff's mental health and sexual history.

   Finally, Plaintiff argues that medical records relating to his past drug use are not relevant and are more prejudicial than probative. ECF No. 156 at 3. Defendants claim that they should be able to ask "plaintiff's expert whether plaintiff's history of cocaine use could have any effect on the nose and nasal deformities." Federal Rule of Evidence 402 makes relevant evidence admissible unless otherwise precluded and Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 402, 403. Defendants have not developed any facts regarding how Plaintiff's cocaine use would be relevant to the nasal issues Plaintiff allegedly suffered. Defendants have not deposed Plaintiff's medical expert on this nor have they retained their own medical expert. Defendants also do not point to any record evidence linking Plaintiff's cocaine usage to Plaintiff's nasal issues, just stating at the final pretrial conference that Plaintiff's cocaine usage is noted in Plaintiff's medical records. There is no indication from the record put forth by Defendants that Plaintiff's expert would state that Plaintiff's history of cocaine use has any effect on his nose or nasal deformities. Although Defendants argue that the operative report states that given Plaintiff's use of cocaine in the past, he was "at high risk for septal perforation," *see* DX-C at D00130–31, there is no reference to Plaintiff having a septal perforation or hole in his septum in the expert report, and Defendants do not point to this in any medical record. As such, there is no evident connection between Plaintiff's cocaine use and the injuries he allegedly suffered as a result of being punched in the nose, making the cocaine usage of little relevance.

   To the extent Defendants are arguing that cocaine use could exacerbate the alleged pain and suffering Plaintiff experienced as a result of the nose injury at issue here, Defendants again

fail to make this connection. The records Defendants seek to introduce provide only limited information about the history of Plaintiff's cocaine use and do not clearly tie Plaintiff's use to his symptoms, again making the reference to cocaine use of little probative value. Furthermore, on balance, the Court finds that Plaintiff's undefined history of cocaine usage is unduly prejudicial and will only confuse the jury. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4410008, at *6 (S.D.N.Y. Aug. 18, 2016) (finding that evidence of drug use could prove to be highly prejudicial). Records regarding Plaintiff's cocaine usage are thus excluded.

Also at the final pretrial conference, Defendants indicated that they seek to use the medical records to show that Plaintiff was not complaining about his nose on a regular basis. Plaintiff argued that (1) the records show that he sometimes raised the issue of his nose to medical professionals, and (2) it would put too much of a burden on Plaintiff to expect that he would bring up his nasal issues at every medical appointment. The Court finds that these arguments are appropriately addressed to the jury and will allow Defendants to make such an argument. Thus, as discussed at the final pretrial conference, the parties are directed to confer about which of the over 2,400 pages of records either party seeks to introduce and propose redactions in accordance with this order. The redacted proposed exhibits should be sent to the Court electronically, and the parties shall provide a paper copy, by January 8, 2024 at 9:30 a.m.

### B. Prior Bad Acts, Plaintiff's Motion *in Limine* No. 4 and Defendants' Motion *in Limine* No. 9

Plaintiff's motion to exclude Plaintiff's prior bad acts and Defendants' motion to introduce evidence regarding Plaintiff's participation in fights are both GRANTED in part and DENIED in part. Plaintiff's prior bad acts are not admissible as character evidence. "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show

4

that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). To the extent that Defendants seek to introduce evidence about other fights that Plaintiff was involved in, to show "that he is no stranger to violence, and in fact appears to have sought it out in other circumstances" and to show "Plaintiff's consistent antagonization and attempts to intimidate corrections officers, particularly, women," this evidence is excluded as impermissible propensity evidence. *See* ECF No. 144-1 at 16–17; ECF No. 162 at 11.

Defendants, alternatively, argue that evidence about other fights that Plaintiff engaged in is relevant to show that Plaintiff's nose could have been injured in another fight and not by Defendants. ECF No. 144-1 at 16. For the most part, as with the cocaine usage, Defendants have not pointed to evidence connecting Plaintiff's prior bad acts to his alleged nasal injury. Throughout Defendants' motion papers and final pretrial conference, Defendants only pointed to two specific prior bad acts of Plaintiff: (1) an assault on June 17, 2016 (the "June 2016 Incident") and (2) a fight on October 13, 2015 (the "October 2015 Incident"). Regarding the June 2016 Incident, the record Defendants point to only states "[s]truggle with another inmat[e]," and does not indicate that Plaintiff was hit in or near the nose. *See* ECF No. 163-1. As such, the June 2016 Incident provides little probative value. Regarding the October 2015 Incident, the Court has reviewed the proposed exhibit that Defendants pointed to, a medical record which states: "Involved in altercation today. States was struck on left side of face and left arm. Denies dizziness or LOC." DX-G at D000423. Defendants have not pointed to records that indicate that Plaintiff sustained a nasal injury from this incident, but do note that Plaintiff's expert report states that nasal-related injuries can be difficult to discern. Plaintiff's expert report also states that the fracture to Plaintiff's nose occurred "at some point *at least* two to three months before surgery in April 2017," encompassing both the incident at issue in the case as well as the October

2015 Incident. Further, the expert report notes that the expert's findings were consistent with a "strike to the nose in a left to right direction," and Plaintiff was struck on the left side of his face during the October 2015 Incident. As such, there is a potential probative value in letting the jury consider the injuries sustained in October 2015.

The Court must also balance the prejudice that might result from the introduction of this evidence. The introduction of evidence regarding other fights or altercations in which Plaintiff was involved might lead to the jury to conclude, simply based on this evidence, that Plaintiff was combative during the altercation at issue in this case, rather than for finding the prior bad acts to be an alternative cause of injury. Additionally, the introduction of this evidence might lead the jury to find against Plaintiff for reasons unrelated to the claim at issue. Therefore, the Court will only allow evidence of the October 2015 Incident to the extent that it shows the manner in which Plaintiff was struck in the face and evidence regarding the impact of the strike, but not additional evidence regarding the circumstances surrounding the fight. *Cf. Ball v. Cnty. of Los Angeles*, No. 13-CV-07739 (CAS), 2015 WL 1467179, at *5 (C.D. Cal. Mar. 23, 2015) ("Even if evidence of preexisting injuries did exist, the Court notes that it would be unlikely to admit evidence or argument that the preexisting injuries were caused by fighting."). The Court precludes evidence of the June 2016 Incident, as the potential prejudice outweighs the minimal probative value.

### C.  Captain David Levy's Testimony, ECF No. 171

Defendants also filed a letter "to supplement their motion *in limine*" seeking to exclude Captain David Levy's testimony. During the final pretrial conference, the parties agreed to the following stipulation that would eliminate the need to call Captain Levy:

> Video footage existed that would have shown, at a minimum, the aftermath of the incident. The video was deleted by the Department of Correction, not by Defendant(s), despite the Department's obligation to preserve it.

6

As agreed to at the conference, the Court will read the stipulation at the close of Plaintiff's case-in-chief.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions *in limine* are GRANTED in part and DENIED in part and Defendants' motion *in limine* is GRANTED in part and DENIED in part.

Dated: January 5, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge